UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

JADA KARIM,

               Plaintiff,         **MEMORANDUM & ORDER**
                                                   20-CV-2066(EK)(RLM)
    -against-

BRANDON REASE,

               Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

        Plaintiff Karim brought negligence claims arising from a car accident in Memphis, Tennessee. He named three defendants, but subsequently dismissed two of them — Nadine Wilson and Astoria NY Holdings, LLC. Plaintiff now moves to transfer venue to the Western District of Tennessee, where the accident occurred (and the sole remaining defendant, Brandon Rease, is domiciled). Defendant Rease opposes transfer and moves to dismiss for lack of personal jurisdiction and improper venue. For the reasons set forth below, I deny Plaintiff's transfer motion and grant Defendant's motion to dismiss the case.

                        **I.   Background**

      Karim alleges that he suffered injuries in a car accident in Memphis, Tennessee. According to the complaint,

1

defendant Rease struck the vehicle in which Plaintiff was a passenger.

The complaint asserts jurisdiction based on the diversity statute, 18 U.S.C. § 1332.  But Plaintiff alleged that he and two of the defendants — Wilson and Astoria — were citizens of New York, which defeats diversity (and thus this Court's subject-matter jurisdiction).  Following a pre-motion conference on October 21, 2020, Plaintiff stipulated to the dismissal of Wilson and Astoria.

Plaintiff now moves to transfer the case to the Western District of Tennessee, where the accident occurred and the only remaining defendant (Rease) is domiciled.  Rease opposes the motion on the ground that the action could not "have been brought" in the Western District of Tennessee, Def.'s Transfer Opp. & Mot. to Dismiss Br. at 6, ECF No. 34-2, given that no federal court possessed subject-matter jurisdiction over the action at the time it was filed.  Rease argues that because the case cannot be transferred, and because he is not subject to personal jurisdiction in New York, the case must be dismissed.  For the reasons set forth below, I agree.

## II.  Discussion

**A.      Motion to Transfer Venue**

The parties refer to two transfer statutes in their briefs: 28 U.S.C. §§ 1404(a) and 1406(a).  Section 1404(a)

provides that "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it *might have been brought* or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a) (emphasis added).  And Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it *could have been brought*."  28 U.S.C. § 1406(a) (emphasis added).

Although the parties dispute which venue statute applies, the same issue arises regardless: whether the action "could have been brought" or "might have been brought" in the transferee district.  The Supreme Court has held that the phrase "where [the action] might have been brought" in Section 1404(a) "directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted" and not "to the time of transfer."  *Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960) (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir. 1950) (Hastie, J., dissenting)).  Thus, to transfer venue, "subject matter jurisdiction, personal jurisdiction, and venue would have had to have been proper in the transferee court at the time the action

3

was filed." *Ivy Soc'y Sports Grp. LLC v. Baloncesto Superior Nacional*, No. 08-CV-8106, 2009 WL 2252116, at *3 (S.D.N.Y. July 28, 2009); *see also Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 501 (S.D.N.Y. 2004) (under Section 1404(a), "an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court."). This requirement applies to both Section 1404(a) and 1406(a), given the similarity of the operative language in each. *See Alexander & Alexander, Inc. v. Donald F. Muldoon & Co.*, 685 F. Supp. 346, 349-50 (S.D.N.Y. 1988) (applying *Hoffman* to both Section 1404(a) and 1406(a) because both "provide that a district court may transfer an action only to a district or division where the action might have been brought initially").[1]

Applying this test, Plaintiff's motion to transfer venue must be dismissed. It is undisputed that no federal court possessed subject-matter jurisdiction over the action when it was filed. Thus, the Western District of Tennessee is not a

---

[1] Plaintiff argues that *Nautilus Insurance Co. v. Adventures Outdoors, Inc.*, 247 F.R.D. 356 (E.D.N.Y. 2007) commands a different result. But that case merely holds that courts may transfer venue even if the *transferor court* lacks personal jurisdiction over the defendant; it says nothing about whether courts may transfer cases when the *transferee court* lacked jurisdiction when the case commenced.

4

district in which the suit might (or could) have been brought within the meaning of Sections 1404(a) or 1406(a). Plaintiff's motion to transfer venue to the Western District of Tennessee is therefore denied.

**B.     Motion to Dismiss for Lack of Personal Jurisdiction**

Because the case cannot be transferred to the Western District of Tennessee, it must be dismissed for lack of personal jurisdiction. As the plaintiff, Karim "bears the burden of showing that the court has jurisdiction over" all the defendants. *Metro. Life. Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). And he does not dispute that this Court lacks personal jurisdiction over Rease. *See* Pl.'s Transfer Br. at 5, ECF No. 33 (stating that Rease is a resident of Memphis and "has no other known contacts with New York"). Thus, Defendant's motion to dismiss for lack of personal jurisdiction is granted.

### III. Conclusion

For the reasons stated above, Plaintiff's motion to transfer venue to the Western District of Tennessee is denied and Defendant's motion to dismiss for lack of personal

jurisdiction is granted.  The Clerk of Court is directed to enter judgment and close this case.

>
> SO ORDERED.
>
> /s/ Eric Komitee
> ERIC KOMITEE
> United States District Judge

Dated:    June 30, 2021
          Brooklyn, New York